Sauer, et ux. *v.* Richland Township.

Argued March 5, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

W. *Theodore Brooks,* with him *Norman H. Rea* and *Reding, Blackstone, Rea & Sell,* for appellants.

*James W. Dunn, Jr.,* for appellee.

OPINION BY JUDGE WILKINSON, April 16, 1973:

Appellants purchased an existing mobile home park in Richland Township, Allegheny County, in 1964. This was a valid nonconforming use under the Township's 1952 zoning ordinance then in effect, which prohibited "auto trailer camps and gypsy camps" anywhere in the Township.

In 1965, appellants purchased 2.97 acres adjacent to the mobile home park and in June, 1967, placed 10 mobile homes on this parcel. At that time, the 2.97 acre tract was zoned as a "farm district" under the 1952 zoning ordinance. In July of 1967, appellants were charged and later convicted in a summary proceeding for a violation of the zoning ordinance in so using the 2.97 acre tract. This conviction was appealed to the County Court of Allegheny County (now the Common Pleas Court of Allegheny County).

On October 19, 1967, appellants applied for a permit to place mobile homes on the 2.97 acre tract. When the permit was denied, appellants appealed to the Zoning Hearing Board, and when a request for a special exception or variance was refused, an appeal to the County Court of Allegheny County was taken on De-

cember 7, 1967. In this appeal, appellants challenged the constitutionality of the prohibition of "auto trailer camps" in the 1952 zoning ordinance.

The court held a de novo hearing on January 13, 1971, over three years after the appeal was filed. In the interim, Richland Township had adopted a new zoning ordinance (on April 24, 1968) permitting mobile home parks, apparently by special exception, when in compliance with a separate mobile home control ordinance.[1] Appellant's original property was designated as a mobile home park in the new ordinance, while the 2.97 acre tract was zoned "residential."

The lower court dismissed the appeal and sustained the order of the Zoning Hearing Board denying the permit for a mobile home park on the 2.97 acre tract. The court relied upon the intervening 1968 ordinance in finding that the Township zoning ordinance was constitutional.

We must initially determine whether the 1968 ordinance could be considered by the lower court when passing upon the constitutional validity of the restrictions on appellants' land. In *Colonial Park for Mobile Homes, Inc. v. Zoning Hearing Board*, 5 Pa. Commonwealth Ct. 594, 290 A. 2d 719 (1972), this Court held that an ordinance adopted after an application had been filed, but before the Zoning Hearing Board conducted hearings on the application, was applicable to the property and subject to the constitutional challenge. There, a 1963 ordinance contained a prohibition of mobile home parks, while the intervening 1969 ordinance permitted mobile homes subject to restrictions generally applicable to residential uses.

Unlike *Colonial Park*, however, the intervening ordinance here was not adopted until after the Zoning

---

[1] No copy of the 1968 ordinance was provided in the record. This information was taken from the opinion of the court below.

Hearing Board had rendered its decision and the appeal had been taken to the lower court. Where an applicant has obtained an initial determination of his rights under a zoning ordinance before the Zoning Hearing Board, this same ordinance must govern in subsequent proceedings involving the application in issue.

We agree, therefore, with the appellants that the 1952 ordinance applies in this case. We cannot, however, conclude that because appellants have shown that the 1952 ordinance prohibits auto trailer camps, the ordinance is unconstitutional. Our Supreme Court has held that where an applicant establishes a total prohibition of an otherwise legitimate use, the burden shifts to the municipality to establish the validity of the ban by showing that the regulation bears a relationship to the health, safety, morals and general welfare. *Beaver Gasoline Company v. Osborne Borough et al.*, 445 Pa. 571, 285 A. 2d 501 (1971). The appellee has had no opportunity here to sustain the validity of the prohibition, for *Beaver Gasoline* was decided on December 29, 1971, nearly a year after de novo hearing in the court below. Thus, the matter must be remanded to enable appellee to meet this burden if indeed it can.

The additional expense and delay ensuing from this remand is, of course, regrettable. Nevertheless, if this is to be the case presaged by Judge ROGERS in *Colonial Park* as that "in which we must decide the companion to *Girsh* [*Girsh Appeal*, 437 Pa. 237, 263 A. 2d 395 (1970)], with the mobile home park developer as a protagonist," a complete and adequate record must be assured.

The order of the court below is reversed and the case is remanded to the lower court to afford appellee an opportunity to offer testimony on the reasonable-

468

ness of the 1952 ordinance, and after such testimony, if any is offered, or on the basis of this record, the lower court shall make a determination based on the 1952 ordinance.