Whitemarsh Township, Appellant *v.* Harriet
Kravitz, Appellee.

Argued September 27, 1978, before President
Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Blatt, DiSalle and Craig. Judges
Rogers and MacPhail did not participate.

*Clarke F. Hess,* with him *H. Kenneth Butera, Stuart N. Cohen,* and, of counsel, *Butera, Hess, Beausang & Moyer,* for appellant.

*John G. Kaufman,* with him *Edward J. Hughes; Bean, DeAngelis & Kaufman, P.C.; Moris Gerber,* and *Gerber, Maerz, Wilenzik & Shields,* for appellee.

*John P. Trevaskis, Jr.,* with him *Robert S. Bennett, Jr.,* for amicus curiae, Whitemarsh Township Planning Commission.

OPINION BY JUDGE DISALLE, December 18, 1978:

This is an appeal from a decision of the Court of Common Pleas of Montgomery County, Pennsylvania, dismissing Whitemarsh Township's (Township) motion to quash and declaring the Whitemarsh Township Zoning Ordinance (Ordinance), Whitemarsh Township, Pennsylvania, Ordinance 111 (1957), unconstitutional. We affirm.

On November 5, 1975, Harriet Kravitz (Appellee), wishing to develop a mobile home park on a certain 44.5 acre tract of land, applied to Township's Board of Supervisors (Board) for a curative amendment, attacking the constitutionality of Township's zoning scheme insofar as it allegedly prohibited mobile homes and mobile home parks anywhere in the township. Township conducted hearings on six separate occasions, and on April 1, 1977, sent a letter to Appellee advising her that it had rejected her petition and would forward written findings of fact and conclusions of law to her shortly.

Appellee received Township's letter on April 4, 1977, and appealed to the Court of Common Pleas of

Montgomery County on May 3, 1977. Township filed a motion to quash, claiming that the appeal was untimely. By order dated September 13, 1977, the court dismissed Township's motion, declared the Ordinance unconstitutional, and remanded the matter to Township for further consideration, ordering that it allow Appellee to develop a mobile home park upon the tract in question, subject to certain restrictions to be imposed by Township. This appeal followed.

Turning first to the issue of the timeliness of Appellee's appeal from the Board's decision, we note that Section 1004(3) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004(3), in pertinent part provides:

> (3)  After submitting his challenge to the board or governing body as provided in subsections (1) and (2) of this section, the landowner may appeal to court by filing same within thirty days (i) after notice of the report of the board is *issued*, or (ii) after the governing body has denied the landowner's request for a curative amendment as provided in subsection (4). (Emphasis added.)

Section 1004(4) of the Code, 53 P.S. §11004(4), provides:

> (4)  For purposes of subsection (3)(ii), the landowner's request for a curative amendment is denied when (i) the governing body *notifies* the landowner that it will not adopt the amendment, or (ii) the governing body adopts another amendment which is unacceptable to the landowner, or (iii) the governing body fails to act on the landowner's request, in which event the denial is deemed to have occurred on the thirtieth day after the close of the last hearing on the request unless the time is extended by mu-

tual consent between the landowner and the municipality. (Emphasis added.)

The controversy centers around the definition of "notifies." If it means that the landowner has 30 days from the date on which he *received* the notice, the appeal here was timely. If it means he must appeal within 30 days of the date on which notice was *mailed*, the appeal was untimely. We adopt the former construction. We cannot believe that the legislature, having used the word "issued" in one paragraph of Section 1004, and "notifies" in the following paragraph of the same Section, intended that the words mean the same thing. In *Zimmer v. Susquehanna County Planning Commission*, 14 Pa. Commonwealth Ct. 435, 322 A.2d 420 (1974), we held that when the legislature used the word "issued" in Section 1006 of the Code, 53 P.S. §11006, it intended it to mean "mailed" rather than "received." We hold, therefore, that when it uses the word "notifies," it intends it to mean the date on which the landowner receives the notice.[1] Appellee's appeal was therefore timely.

Turning next to the constitutional issue, Township admits that while a duly enacted ordinance is presumed to be constitutional, once a landowner establishes the total prohibition of an otherwise lawful use, the burden shifts to the municipality to show that such prohibition reasonably relates to the public health and welfare. *Beaver Gasoline Co. v. Osborne Borough*, 445 Pa. 571, 285 A.2d 501 (1971). In support of the constitutionality of the Ordinance, Township argues that since the Ordinance permits *mobile homes* in the township (subject to the restrictions applicable to

---

[1] We find further support for this interpretation in Black's Law Dictionary 1211 (4th Ed. 1968), which defines "notify" as "to inform by words or writing, in person or by message, or by any signs which are understood; to make known; to 'notify' one of a fact is to make it known to him."

other single-family dwellings), it may constitutionally prohibit the development of *mobile home parks* in the Township.

We need not decide whether this Ordinance does in fact permit mobile homes, because we believe that *Board of Supervisors of Upper Frederick Township v. Moland Development Co.*, 19 Pa. Commonwealth Ct. 207, 339 A.2d 141 (1975), and *East Pikeland Township v. Bush Bros., Inc.*, 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974), compel us to reject Township's argument. In *Moland*, we declared unconstitutional an ordinance which specifically permitted mobile homes but excluded mobile home parks. It is clear, therefore, that an ordinance prohibiting mobile home parks cannot survive a constitutional challenge by the device of permitting mobile homes on individual lots. Because trailer parks are a legitimate use of the land (*see Moland, supra*), Township may not prohibit them without first showing that they constitute a threat to the general health and welfare of the community. Township has made no such showing. The lower court correctly declared the Ordinance unconstitutional by virtue of its failure to allow for the development of mobile home parks.

Lastly, we note that at oral argument, attorney for Appellee conceded that the Township may impose reasonable density requirements in connection with the number of units to be permitted in Appellee's development. We will therefore remand these proceedings to the court below for remand to the Township with instructions that it allow Appellee to develop a mobile home park on her property, subject to such reasonable density requirements as the Township may impose.

ORDER

AND Now, this 18th day of December, 1978, the order of the Court of Common Pleas of Montgomery

County, dated September 13, 1977, denying White-
marsh Township's Motion to Quash and declaring its
zoning ordinance unconstitutional to the extent that
it excludes mobile home parks, is hereby affirmed,
and the matter is remanded to the court below for re-
mand to the Board of Supervisors of Whitemarsh
Township for further consideration. Appellee shall
be permitted to develop a mobile home park on that
certain 44.5 acre tract located on the northwesterly
side of Joshua Road, South of Ridge Pike, in White-
marsh Township, subject to such reasonable density
requirements and restrictions as the Township may
impose to insure compliance with Township building,
sewage, safety and water codes and to satisfy the con-
cerns for safety, recreation, surface control and eco-
logical considerations voiced by the Board of Super-
visors. The Common Pleas Court of Montgomery
County shall retain jurisdiction of this case during the
pendency of such proceedings.