Robert Morrison, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued September 10, 1979, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*Lawrence J. Neary,* with him *Mancke & Lightman,* for petitioner.

*John L. Heaton,* Assistant Attorney General, Chief Counsel, with him *Timothy I. Mark,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, December 4, 1979:

Robert Morrison (petitioner) seeks money damages because of an alleged breach of an employment contract by the Respondent, the Pennsylvania State Police (State Police). He was an active employee of the State Police when he was placed on disability

retirement in August of 1968 because of a heart ailment. In November of 1971, he was removed from the disability retirement program due to the apparent termination of his heart condition, and he alleges that, although he immediately sought reinstatement to active employment, he was not returned to active status until March of 1975. Contending that the State Police were contractually obligated to reinstate him immediately upon his application, the petitioner seeks damages in the amount of $72,611.09 representing four years of lost wages.

The case is before us on preliminary objections of the State Police asserting a failure of the petitioner to exhaust his administrative remedies, the bar of the statute of limitations, and a general demurrer. The first preliminary objection contends that this Court may not grant damages arising out of contract except on review of a determination of the Board of Arbitration of Claims, pursuant to the arbitration of claims of 1937[1] (Act of 1937), and that the petitioner has failed to exhaust, or even to commence, his administrative remedies before that Board. The petitioner, in his supplemental brief, responds that the contract in question is not governed by the Act of 1937, but falls under the arbitration act of 1927[2] (Act of 1927). We believe, however, that both Acts in question as well as the cases interpreting them clearly indicate that the courts serve only an appellate function as they relate to the primary administrative bodies treated in each act. It is unnecessary, therefore, for us to determine which Act governs the contract in question, because the plaintiff has not presented us with a final order or award

[1] Act of May 20, 1937, P.L. 728, as amended, 72 P.S. §4651-1 et seq.

[2] Act of April 25, 1927, P.L. 381, No. 248, as amended, 5 P.S. §161 et seq.

from the administrative level so as to invoke our appellate jurisdiction under either Act.

Turning to the role of this Court under the Act of 1937, we note Section 4 of that Act which provides:

> The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more.

72 P.S. §4651-4.

Even though this Court has original jurisdiction over suits against the Commonwealth, it is clear, therefore, that, if the contract in question falls under the Act of 1937, the case is within the exclusive jurisdiction of the Board of Arbitration of Claims. *Vespaziani v. Department of Revenue,* 41 Pa. Commonwealth Ct. 618, 396 A.2d 489 (1979).

As for the Act of 1927, our Supreme Court in *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.,* 461 Pa. 420, 427, 336 A.2d 609, 613 (1975), indicated the appellate role of the courts when it summarized the procedure under the Act of 1927 as follows:

> Suffice it to say the Act of 1927 provides for the adhoc appointment of boards of arbitrators or an umpire in such manner as the parties shall agree, or, in the absence of an agreement, for appointment of such persons by the court of common pleas (§4, 5 P.S. §164); the courts of common pleas may adopt rules of procedure and practice which shall govern the arbitration proceedings (§5, 5 P.S. §165); the arbitration award may be confirmed, vacated, or modified by the court at any time within one year after the award is made, and judgment thereupon entered in conformity with an order confirming,

modifying or correcting an award (§§9-14, 5 P.S. §§169-174).

Moreover, Section 11 of the Act of 1927, 5 P.S. §171 provides that the reviewing court has a narrow scope of review and may modify the award only for errors of law and for several specified forms of gross factual errors. In addition, the Act of 1927 is complemented by Section 763(b) of the Judicial Code, which reposes appellate jurisdiction over arbitration awards involving the Commonwealth and a Commonwealth employee with this Court:

> (b) Awards of arbitrators.—The Commonwealth Court shall have exclusive jurisdiction of all petitions for review of an award of arbitrators appointed in conformity with statute to arbitrate a dispute between the Commonwealth and an employee of the Commonwealth.

42 Pa. C.S. 763(b).

Depending on the language of the contract,[3] the petitioner's remedy will lie with the Board of Claims under the Act of 1937 or with a panel of arbitrators under the Act of 1927. Because he failed to pursue the appropriate remedy, we believe that he is unable now to invoke the appellate jurisdiction of this Court. Accordingly, we will grant the first preliminary objection of the State Police, which asserts the petitioner's failure to exhaust his administrative remedies, and, there now being no reason for further consideration of the other preliminary objections, the petitioner's complaint will be dismissed.

---

[3] Our Supreme Court in *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 461 Pa. 420, 336 A.2d 609 (1975), held that the Act of 1927 applies to a contract between the Commonwealth and another if 1) the contract expressly provides for arbitration pursuant to the Act of 1927; or, 2) if the contract contains an arbitration clause but refers to neither the Act of 1927 nor the Act of 1937.

ORDER

AND NOW, this 4th day of December, 1979, the preliminary objection of respondent, Pennsylvania State Police, raising the failure of petitioner, Robert Morrison, to exhaust statutorily required administrative remedies is hereby granted and complaint of the petitioner is dismissed.