In Re: Appeal of Hume Village, A Limited Partnership. Township of Middletown, Bucks County, Pennsylvania, Appellant.

466

Argued April 8, 1980, before President Judge CRUMLISH, and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*Guy T. Matthews,* for appellant.

*Richard P. McBride,* with him, *Herbert K. Sudfeld, Jr.,* for appellee.

OPINION BY JUDGE ROGERS, May 21, 1980:

Middletown Township has appealed from an order of the Court of Common Pleas of Bucks County reversing the decision of the township's Zoning Hearing Board which denied Hume Village's application for a validity variance.

In January 1972, a time before the Pennsylvania Municipalities Planning Code provided for curative amendment applications, Hume Village applied to the Zoning Hearing Board for a validity variance to construct a mobile home park consisting of 188 units on

about thirty-eight (38) acres of land. The land was in an area zoned R-1 Residential. Hume Village alleged in its application that the township's zoning ordinance unconstitutionally excluded mobile home parks from the township. The Board denied the application, concluding that while the township's zoning ordinance did not specifically name mobile home park as a permitted use, mobile home parks could be lawfully constructed in an R-1 district if they met the zoning requirements of the ordinance applicable to residences generally. The Board's decision, however, made no mention of Article X, Section 1011B of the township's zoning ordinance, stating that "[n]o lot shall be used as a trailer camp."

Hume Village appealed the Board's decision to the court below, which, although agreeing with the Board that a mobile home park might be constructed in the R-1 district if applicable requirements were met, concluded that Section 1011B was an explicit prohibition of mobile home park use throughout the township, unconstitutional and therefore of no effect. The court remanded the case to the Board with leave to impose reasonable conditions upon the construction of Hume Village's mobile home park.

Where no additional testimony is taken by the lower court, our scope of review is limited to a determination of whether the Zoning Hearing Board abused its discretion or committed an error of law. *Lewis v. Lower Gwynedd Township Zoning Hearing Board,* 24 Pa. Commonwealth Ct. 574, 357 A.2d 725 (1976).

The nub of the case is whether or not Section 1011B, by prohibiting the use of any lot as a trailer camp, unconstitutionally excludes mobile home parks from the township. We agree with the court below that it does. Article I, Section 103.21 of the township's zoning ordinance defines a trailer camp as "a lot or premises used for occupancy by two (2) or more

trailers." A trailer is defined in Section 103.21 of Article I as "any vehicle used for living and sleeping purposes." Pennsylvania courts have recognized the interchangeability of the terms trailer and mobile home. *See, e.g., Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 190 A.2d 712 (1963); *Whitemarsh Township v. Kravitz,* 39 Pa. Commonwealth Ct. 306, 310, 395 A.2d 629, 631 (1978); *McKee v. Township of Montgomery,* 26 Pa. Commonwealth Ct. 487, 489 & n. 2, 364 A.2d 775, 776 & n. 2 (1976); *Pyle v. Harmar Township Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 4, 340 A.2d 613 (1975); *Board of Supervisors of Upper Frederick Township v. Moland Development Co.,* 19 Pa. Commonwealth Ct. 207, 339 A.2d 141 (1975); *Sauer v. Richland Township,* 8 Pa. Commonwealth Ct. 464, 303 A.2d 269 (1973). If any ambiguity may nevertheless be said to exist in the zoning ordinance's use of the term trailer, it must be resolved by looking to the common meaning of the word. Statutory Construction Act of 1972, 1 Pa. C.S. §1903(a). Webster's New Encyclopedic International Dictionary relevantly defines trailer as "an automobile-drawn vehicle designed to serve wherever it is parked as a dwelling."

Since Section 1011B excludes mobile home parks, the township had the burden of proving that the regulation bore a substantial relationship to health, safety and the general welfare, *Board of Supervisors of Upper Frederick Township v. Moland Development Co., Inc., supra.* It has conceded that no such proof was offered.

Order affirmed.

#### ORDER

AND Now, this 21st day of May, 1980, the order of the Court of Common Pleas of Bucks County, No. 72-4103-10-6, is affirmed.

CONCURRING OPINION BY JUDGE MENCER:

Since Article I, Section 103.21 of Middletown Township's zoning ordinance defines a trailer camp as "a lot or premises used for occupancy by two (2) or more trailers," I concur in the reasoning and result reached in this case.

However, I am of the view that "trailer camp" is a term of art which is different from either a "trailer park" or "mobile home park."

A "trailer camp" indicates a place where people go with the intent to stay only a week or two. The very word "camp" means, according to *Webster's New Encyclopedic International Dictionary* (1966), "a place of temporary shelter, lodging or residence" or "areas designed for rest or recreation." In a trailer camp, the children, if any, do not attend the local schools. The parents pay no school tax in that location, and the owners do not consider the trailer to be their home or domicile.

A "mobile home park" or "trailer park," on the other hand, indicates something entirely different. This type of trailer or mobile home is designed to serve as one's permanent living quarters and is not the type of vehicle one hauls around when wishing to spend a week away from home on vacation or travel. This vehicle has an address and the people living there are usually subject to local taxation.

Even though, in the ordinance in question, the word "trailer," as defined, may include the types of trailers found in both trailer camps and trailer parks, I am of the view that the word "camp," when used in conjunction with the word "trailer," signifies something other than a trailer park or mobile home park.

Judge WILLIAMS joins in this concurring opinion.