George R. Galbreath, Trustee *v.* Board of Supervisors of Northampton Township.

Northampton Township, Appellant.

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Theodore K. Warner, Jr.*, with him *Robert C. Steiger, Harper, George, Buchanan & Driver*, for appellant.

*Donald B. McCoy*, for appellee.

OPINION BY JUDGE CRAIG, December 8, 1980:

The Board of Supervisors of Northampton Township (board) appeals from a decision of the Court of Common Pleas of Bucks County which held that, because curative amendment proceedings initiated by developer George R. Galbreath had been suspended by the board for more than thirty days, the suspension constituted a deemed denial of the curative amendment application, pursuant to Section 1004 of the Pennsylvania Municipalities Planning Code (MPC),[1] so that the developer was entitled to appeal to court.

On September 28, 1978, the developer had filed with the board a curative amendment application challenging the validity of Northampton Township's zoning ordinance. The board held hearings on December 13, 1978 and January 24, 1979. Although a further hearing was scheduled for February 28, 1979, the

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004.

board, on February 10, 1979, claiming to act under Section 609.2 of the MPC, 53 P.S. §10609.2 (added by Section 2 of the Act of October 5, 1978, P.L. 1067 [also referred to as Act 249]), effective October 5, 1978, declared certain ordinance provisions invalid and began consideration of its own tentative curative amendment to overcome the invalidity.

The board cancelled the hearing scheduled for February 28, 1979, held no more hearings after January 24, 1979, and took no action on the developer's application. Treating the board's inaction as a deemed denial, the developer on March 1, 1979 appealed to the common pleas court which denied the board's motion to quash the developer's appeal. The board appeals to this court from that denial.

Before proceeding with the issues here raised by the board, we must rule on the developer's motion to quash the board's appeal to this court. Developer contends that the common pleas court's order denying the board's motion to quash is interlocutory and unappealable because no question of jurisdiction was raised by the board. We cannot agree.

An order determining a question of jurisdiction, either way, was appealable pursuant to Section 1 of the Act of March 5, 1925, P.L. 23, *as amended, formerly* 12 P.S. §672,[2] at the time pertinent here. The board's motion to quash in common pleas claimed that the court lacked jurisdiction because developer's appeal was premature.

The motion to quash developer's appeal to the lower court, based on the municipality's claim of the absence of an appealable final order of the board, was a jurisdictional claim because, where the lower tribunal has made no final disposition, appellate juris-

---

[2] Repealed by the Act of April 28, 1978, P.L. 202, effective June 27, 1980.

diction does not lie. *Stadler v. Borough of Mount Oliver,* 373 Pa. 316, 95 A.2d 776 (1953).

Moreover, where the question raised is failure to exhaust or employ an administrative remedy which is exclusive, we have held that the question involves the jurisdiction of the court wrongfully chosen. *See Morrison v. Pennsylvania State Police,* 47 Pa. Commonwealth Ct. 508, 408 A.2d 575 (1979), holding that where the Pennsylvania Board of Arbitration of Claims has exclusive jurisdiction, the jurisdiction of this court cannot be invoked.

Thus, a claim of lack of jurisdiction to appeal, on the basis that the appeal is premature, is a jurisdictional issue, just as an attack upon a late appeal is jurisdictional. *Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 527, 297 A.2d 179 (1972). Therefore, we dismiss developer's motion to quash.

The board's claim is that the deemed denial provision of MPC §1004 does not operate in the present case because the board invoked Section 609.2[3] and its

---

[3] The text of Section 609.3 is as follows:

§10609.2 Procedure upon municipal curative amendments

(1) A municipality, by formal action, may declare its zoning ordinance or portions thereof substantially invalid and propose to prepare a curative amendment to overcome such invalidity. Within thirty days following such declaration and proposal the governing body of the municipality shall:

(a) By resolution make specific findings setting forth the declared invalidity of the zoning ordinance which may include: (i) references to specific uses which are either not permitted or not permitted in sufficient quantity, (ii) reference to a class of use or uses which require revision, or (iii) reference to the entire ordinance which requires revisions.

(b) Begin to prepare and consider a curative amendment to the zoning ordinance to correct the declared invalidity.

moratorium provision. Because that section states that the board need not entertain or consider any landowner's curative amendment for 180 days where the board has adopted a declaration that its zoning ordinance is invalid and undertakes consideration of a curative amendment to overcome such invalidity, the board contends that no final action was required

(2) Within one hundred eighty days from the date of the declaration and proposal, the municipality shall enact a curative amendment to, or reaffirm the validity of its zoning ordinance pursuant to the provisions required by section 609, to cure the declared invalidity of the zoning ordinance.

(3) Upon the initiation of the procedures, as set forth in subsection (1), the governing body shall not be required to entertain or consider any landowner's curative amendment filed under section 609.1 nor shall the Zoning Hearing Board be required to give a report requested under section 910 or 913.1 subsequent to the declaration and proposal based upon the grounds identical to or substantially similar to those specified in the resolution required by subsection (1)(a). Upon completion of the procedures as set forth in subsections (1) and (2), no rights to a cure pursuant to the provisions of sections 609.1 and 1004 shall, from the date of the declaration and proposal, accrue to any landowner on the basis of the substantive invalidity of the unamended zoning ordinance for which there has been a curative amendment pursuant to this section.

(4) A municipality having utilized the procedures as set forth in subsections (1) and (2) may not again utilize said procedure for a thirty-six month period following the date of the enactment of a curative amendment, or reaffirmation of the validity of its zoning ordinance, pursuant to subsection (2); provided, however, if after the date of declaration and proposal there is a substantially new duty or obligation imposed upon the municipality by virtue of a change in statute or by virtue of a Pennsylvania Appellate Court decision, the municipality may utilize the provisions of this section to prepare a curative amendment to its ordinance to fulfill said duty or obligation.

or taken on developer's application, so that the lower court lacked jurisdiction to hear developer's appeal.

Under the present facts, the precise question is: Where a landowner's curative amendment proceedings have already been initiated, may a municipality then declare its zoning ordinance invalid and invoke a moratorium in the middle of those proceedings?

Based upon the well-reasoned opinion by Judge BORTNER, we affirm the common pleas court's decision that Section 609.3 cannot be so invoked.

As his opinion correctly states, the effect of the section is both procedural and substantive:

> Procedurally, the statute after application to certain of its procedures suspends the entertainment and consideration of a landowner's curative amendment for a period of 180 days. Substantively, it wipes out the landowner's rights to a cure (from the date of the declaration and proposal) on the basis of the substantive invalidity of the unamended zoning ordinance for which the municipal curative amendment has in fact been enacted within those 180 days.
>
> . . . .
>
> If the impact of the statute were confined solely to procedural delay, we would have little difficulty dismissing Galbreath's 'retroactivity' contention. Depaul et al. v. Kaufmann, 441 Pa. 386, 272 A.2d 500 (1971).
>
> However, we perceive a potentially greater vice in a statute which is construed to wipe out vested rights which accrued both before its passage, as well as before the invocation of its procedures. (Footnote omitted.)

To determine whether the legislature intended Section 609.2 to be applied to curative amendment

proceedings commenced before a governing body's invoking of that section, Judge BORTNER looked to earlier cases, dealing with the issue of zoning ordinance amendments proposed after the initiation of a challenge:

Under prior law, a landowner who claimed that the zoning applicable to his property was improperly exclusionary would file a challenge to the ordinance and, if the ordinance were held invalid, became entitled to have his project approved if he could comply with the valid portions of the municipal regulations, unless the municipality could show actual injury to the public interest. See Casey v. Zoning Hearing Board of Warwick Twp., 459 Pa. 219, 328 A.2d 464 (1974). See, also Ellick v. Bd. of Spvrs., Worcester Twp., 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975). The passage of an amendment curing the zoning defect could not be used to deny the applicant's right to build in accordance with his plans, unless the amendment was 'pending' at the time the challenge was filed.

He then quoted the pending ordinance rule established by the Pennsylvania Supreme Court in *Casey, supra*:

*However, we cannot allow a municipality to thwart a valid challenge to its zoning ordinance by adopting a curative provision which was not considered or advertised prior to the time of the challenger's application.* [459 Pa. at 229, 328 A.2d at 469.] (Emphasis in original.)

We necessarily agree with Judge BORTNER's quotation of the following language from *Ellick, supra,* wherein this court reaffirmed *Casey:*

If the governing body determines that its ordinance is defective, it may amend the ordinance by accepting the proposed curative amendment,

or a variation . . . However, we must caution governing bodies that they cannot adopt or pass a curative amendment which would frustrate the challenging landowner. [17 Pa. Commonwealth Ct. at 411, 333 A.2d at 244.]

We also adopt from the court below its conclusion, stated as follows:

Clearly, Act 249 did not intend to abolish the pending ordinance rule. If anything, the new Act reinforced the doctrine. The Act now requires that a challenge be accompanied by a certification that the landowner does not know of any proposed curative amendment and provides that a court may not grant relief with respect to the challenge unless it finds that the certification was made and was true.

Prior to the new Act, a zoning ordinance could be considered as 'pending'—hence available to cure an invalidity—only if the fact that the amendment was being considered *had been made public*. Casey, supra. The new Act modifies this rule by making an ordinance 'pending' as to a given landowner if he *actually knows* that an amendment to the ordinance is in the making.

. . . .

While the 'pending ordinance' doctrine clearly intends to defeat challenges filed by a developer who knows of an amendatory ordinance in the making, it also by the same token *just as clearly intends to preserve a validity challenge filed by a developer who does not know of an amendatory ordinance in the making (because there isn't any)*. Casey, supra.

If the doctrine preserves such a challenge, then a reading of Section 609.2 which retroactively defeats that timely challenge by the

subsequent passage of a municipal curative amendment amounts to a rule which says: 'Heads we win: Tails, you lose.'

We are unable to give that statute this tortured construction. We think Casey is still the law and that the statute has merely codified that law. (Footnotes omitted.) (Emphasis in original.)

Therefore, the common pleas court concluded that Section 609.2 does not apply where landowner has filed a curative amendment application before a governing body invokes the section. We agree.

We also agree that the January 24, 1979 hearing was a last hearing, as Judge BORTNER considered it:

We come now to the question of whether the January 24th hearing was a 'last' hearing within the meaning of Section 1004(4)(iii) of the M.P.C.

We may dispose of this summarily. The township made its decision to suspend hearings. Whether or not it did this in a good faith belief that the new Act and the procedures invoked thereunder applied to Galbreath is immaterial for Galbreath's rights to a reasonably speedy disposition of his claim does not rest on the township's good faith. The township called the hearings to a halt at the risk of being wrong. We hold they were. Accordingly, we hold the January 24th hearing the last hearing. To hold otherwise would be to give the township the benefit of a six month delay to which we say they were not legally entitled under the Act.

Because we affirm the common pleas court's decision on broader grounds, we need not discuss whether Section 609.2 can be invoked as to a validity challenge filed even before its effective date.

174

Accordingly, we affirm the decision of the court below.

ORDER

AND Now, this 8th day of December, 1980, the August 14, 1979 order of the Bucks County Court of Common Pleas is hereby affirmed and the case is remanded for further hearings on the merits of developer's appeal.