In Re: Appeal of Arthur Shore From the Decision of the Board of Supervisors of Solebury Township Denying Request for Curative Amendment. Arthur Shore, Appellant.

Argued June 5, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, BARRY, COLINS and PALLADINO.

*Richard P. McBride*, with him, *Edward F. Murphy*, *McBride and Murphy*, for appellant.

*Stephen B. Harris*, *Harris and Harris*, for appellee.

OPINION BY JUDGE CRAIG, August 7, 1985:

This zoning appeal involves the Solebury Township Zoning Ordinance's total exclusion of mobilehome

parks. In a curative amendment proceeding,[1] the township's board of supervisors rejected landowner Arthur Shore's constitutional attack on the ordinance. From an affirmance by the Court of Common Pleas of Bucks County, the landowner appealed to this court.

The central question is whether a total exclusion of mobilehome parks, a legitimate residential use category, is unconstitutional, as this court has consistently held in a number of decisions,[2] or instead is governed by the validity analysis described in *Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977), which the Supreme Court of Pennsylvania had applied only to less-than-total housing exclusions until that court's holding in *Appeal of M. A. Kravitz Co., Inc. v. Board of Supervisors of Wrightstown Township*, 501 Pa. 200, 460 A.2d 1075 (1983), which sustained a total exclusion of townhouses,[3] but without a majority opinion.

After reviewing the briefs, record, and argument in the light of those Supreme Court decisions and the

---

[1] Sections 609.1, 1004 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10609.1, 11004.

[2] *Appeal of Township of Middletown*, 51 Pa. Commonwealth Ct. 465, 414 A.2d 768 (1980) ; *Environmental Communities of Pennsylvania, Inc. v. North Coventry Township*, 49 Pa. Commonwealth Ct. 167, 412 A.2d 650 (1980) ; *Whitemarsh Township v. Kravitz*, 39 Pa. Commonwealth Ct. 306, 395 A.2d 629 (1978) ; *Meyers v. Board of Supervisors of Lower Makefield Township*, 38 Pa. Commonwealth Ct. 578, 394 A.2d 669 (1978) ; *McKee v. Township of Montgomery*, 26 Pa. Commonwealth Ct. 487, 364 A.2d 775 (1976) ; *Board of Supervisors of Upper Frederick Township v. Moland Development Co., Inc.*, 19 Pa. Commonwealth Ct. 207, 339 A.2d 141 (1975) ; *East Pikeland Township v. Bush Brothers, Inc.*, 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974).

[3] The plurality opinion in *Kravitz*, although accepting the municipality's interpretation of its ordinance as not excluding townhouses, nevertheless also applied the *Surrick* analysis applicable to the evaluation of use exclusions.

post-*Kravitz* opinion in *Fernley v. Board of Supervisors of Schuylkill Township,* 76 Pa. Commonwealth Ct. 409, 464 A.2d 587 (1983) (upholding a total exclusion of multiple dwellings under the *Surrick* analysis), this court, mindful of the scope of review where the trial court has taken no additional testimony,[4] affirms the order of the Bucks County Court of Common Pleas, adopting the able and incisive opinion written by Judge BIESTER for a four-judge court en banc of the common pleas court, *Appeal of Arthur Shore,* Pa. D. & C. 3d    (filed December 5, 1983).

Judge BIESTER's opinion correctly concluded at the outset that the Solebury Township Zoning Ordinance, as a matter of law, does exclude mobilehome parks totally by failing to list them as permitted uses anywhere, and by negating any use not listed as permitted in some way.

Further, as to the issues preserved for presentation to this court by the landowner, we note that Judge BIESTER's opinion correctly ruled on those issues as follows:

> 1.   The mobilehome park land use, whether or not classified as a subcategory of multiple dwelling, nevertheless is a residential use subject to constitutional doctrines applicable to housing (such as the *Surrick* analysis), and is not a use category governed by the non-residential use exclusion cases.[5]

---

[4] When the trial court receives no new evidence, our review is limited to a determination of whether the zoning board abused its discretion or committed an error of law. *Lawrence v. Zoning Hearing Board of Lower Gwynedd Township,* 19 Pa. Commonwealth Ct. 128, 338 A.2d 779 (1975).

[5] *Beaver Gasoline Co. v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971) (service station), *Exton Quarries, Inc. v. Zoning Board of Adjustment,* 425 Pa. 43, 228 A.2d 169 (1967) (quarry), *Eller v. Board of Adjustment,* 414 Pa. 1. 198 A.2d 863 (1964) (mushroom house), *Borough Council of Churchill Borough v. Pagal, Inc.,* 74 Pa.

10

2. Following the *Surrick* analysis, the township board did not abuse its discretion in finding that Solebury Township presently is not a logical area for development and population growth.

3. Accordingly, for the reason which Judge BIESTER's opinion describes, Solebury Township's ordinance is not invalid, despite its exclusion of mobilehome parks.

In view of the previous decisional line in this court, which invalidated total exclusions of mobilehome parks wherever attempted, substantial concerns may exist with respect to allowing municipalities entirely to zone out one of the more affordable forms of housing whenever the community happens to lie outside the path of urban growth. However, because the Bucks County Common Pleas Court here has conscientiously sought to heed the holding in *Kravitz,* as this court tried to do in *Fernley,* we affirm on the basis stated.

ORDER

Now, August 7, 1985, the order of the Court of Common Pleas of Bucks County, dated December 5, 1983, is affirmed upon the opinion of Judge BIESTER, JR.

---

Commonwealth Ct. 601, 460 A.2d 1214 (1983) (restaurant), *Township of Paradise v. Mt. Airy Lodge, Inc.,* 68 Pa. Commonwealth Ct. 548, 449 A.2d 849 (1982) (extraction).