528 A.2d 1045

In Re: Appeal of Arthur Shore From the Decision of the Board of Supervisors of Solebury Township Denying Request for Curative Amendment. Arthur Shore, Appellant.

Argued June 8, 1987, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Richard P. McBride*, with him, *Caroline F. Achey* and *Edward F. Murphy, McBride and Murphy*, for appellant.

*Stephen B. Harris*, with him, *Linda K. Caracappa, Harris and Harris, P.C.*, for appellee, Solebury Township.

OPINION BY JUDGE CRAIG, July 22, 1987:

This exclusionary zoning case is before this court on remand from the Supreme Court for reconsideration in light of *Fernley v. Board of Supervisors of Schuylkill Township*, 509 Pa. 413, 502 A.2d 585 (1985).

When this court previously addressed this zoning appeal, we affirmed the trial court's affirmance of the Board of Supervisors of Solebury Township's rejection of landowner Arthur Shore's constitutional attack on its zoning ordinance which, undisputedly, totally excludes mobilehome parks. *In re: Appeal of Arthur Shore*, 91 Pa. Commonwealth Ct. 7, 496 A.2d 876 (1985). That affirmance was premised on the Supreme Court's holding in *Appeal of M. A. Kravitz Co., Inc. v. Board of Supervisors of Wrightston Township*, 501 Pa. 200, 460 A.2d 1075 (1983), which applied the validity analysis[1] described in *Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977), to a review of an ordinance which totally excluded a legitimate type of housing, contrary to earlier decisions which applied that validity analysis only to less-than-total housing exclusions.

---

[1] That validity analysis, commonly referred to as a fair share analysis, is a three-part inquiry of the community's present and future growth and development which requires the reviewing court to determine whether "the zoning formulas fashioned by [local zoning hearing boards and governing bodies] reflect a balanced and weighted consideration of the many factors which bear upon local and regional housing needs and development." *Surrick* at 191, 382 A.2d at 109-10.

Because this court rendered a decision on this case before the Supreme Court held, in *Fernley*, that a validity analysis is inapplicable when reviewing a zoning ordinance which totally prohibits a basic type of housing, we must now reconsider the issue here, as stated in our earlier decision: "Whether a total exclusion of mobile-home parks, a legitimate residential use category, is unconstitutional. . . ." *In re: Arthur Shore*, 91 Pa. Commonwealth Ct. at 8, 496 A.2d at 876.

In *Fernley*, the Supreme Court stated the issue before it as follows:

> We are now confronted with the question of whether a fair share analysis must be employed to assess the exclusionary impact of zoning regulations which totally prohibit a basic type of housing. We hold that the fair share analysis is inapplicable to this [municipality] zoning ordinance which absolutely prohibits apartment buildings.

509 Pa. at 417-18, 502 A.2d at 587.

The board of supervisors contends that the Supreme Court's holding in *Fernley* is not applicable because the zoning ordinance under attack here permits a wide variety of multi-family housing, whereas the zoning ordinance under attack in *Fernley* did not provide for any multi-family housing. Hence, the board asserts that, because the zoning ordinance here does not exclude from the township persons who cannot afford traditional single-family dwellings, the ordinance cannot be considered exclusionary. We disagree.

Although the zoning ordinance in *Fernley* did not provide for any multi-family housing, the Supreme Court specifically stated that "considerations underpinning the fair share principle are irrelevant *when the challenged zoning regulation totally excludes a basic form of housing such as apartments." Fernley* at 419,

502 A.2d at 588 (emphasis added). This court has consistently and repeatedly recognized mobilehome parks as a legitimate land use. *East Pikeland Township v. Bush Brothers, Inc.*, 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974). Moreover, this court has also held that mobilehome parks "may not be wholly barred by zoning regulations without proof that the use of any land in a municipality for the purpose would be injurious to public health, safety or welfare." *Colonial Park v. New Britain Township*, 47 Pa. Commonwealth Ct. 459, 462, 408 A.2d 1160, 1161 (1979).

With respect to the board's record response to that burden of demonstrating that the allowance of mobilehome park development in the municipality would be injurious to public health, safety or welfare, the board points to evidence indicating that the specific site lacks the capacity to support the proposed development. Although that evidence may be relevant to the adaptation of the proposed development to the particular site, that evidence does not provide a justification for total exclusion of mobilehome parks from the entire municipality. *West v. Township Supervisors of Adams Township*, 99 Pa. Commonwealth Ct. 599, 513 A.2d 1114 (1986).

Accordingly, because the record lacks evidence to substantiate justification for mobilehome park exclusion from the entire municipality, we hold that the total exclusion of mobilehome parks, a legitimate residential use category, is unconstitutional.

Next, there must be a determination regarding the judicial relief to which the landowner is entitled. Section 1011(2) of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. §11011(2),[2] establishes judicial relief, in relevant part, as follows:

---

[2] Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

(2) If the court, in accordance with the standards provided in subsection (1), finds that an ordinance or map or a decision or order thereunder which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other material submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question on the appeal, it may order the described developments or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body, agency or officer having jurisdiction thereof for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order. . . .

The board of supervisors asserts that the site is incapable of supporting the proposed mobilehome park development. A review of the record indicates that the board provided evidence that the limestone geology of the site presents potential sinkhole problems as well as sewage water runoff and pollution problems.

The trial judge did not address the issue of site suitability when he upheld the township's total exclusion of mobilehome parks. Because the language[3] of section 1011(2) of the MPC mandates that the court consider locational site suitability before it orders approval of the submitted plan, we must remand this case to the trial court for those considerations.

---

[3] Section 1011(2) of the MPC requires the following before the court may grant relief:

In issuing its order the court shall consider the following: (i) the locational suitability of the site for the uses proposed including the general location of the site with regard to major roads, sewer facilities, water supplies, schools and

However, that site review may not be used in a retributory manner to frustrate the landowner in receiving relief from what this court has determined to be an exclusionary ordinance. "Rather, we think Section 1011(2) has as its primary purpose the prevention of clear harm to the public health, safety and welfare from the development of a *particular* site which harm would not occur if an alternative site in the municipality was instead developed." *Lower Southampton Township Board of Supervisors v. Schurr*, 72 Pa. Commonwealth Ct. 322, 330, 456 A.2d 702, 706 (1983) (emphasis in original).

Additionally, the trial court will retain jurisdiction during any proceedings before the zoning authorities to allow the court, upon motion of the landowner, to issue such supplementary orders as it deems necessary to protect the rights of the landowner and to assure the landowner that development is not prevented for reasons of retribution.

## ORDER

Now, July 22, 1987, the order of the Court of Common Pleas of Bucks County, Civil Action-Law at No. 81-

other public service facilities or the comprehensive plan and zoning ordinance of the municipality and the county if they exist; (ii) the impact of the proposal on regional housing needs, the transportation network, and the other public services and facilities; (iii) the suitability of the site for the intention of use proposed by the site's soils, slopes, woodland, wetlands, flood plains, aquifers, natural resources and other natural features; (iv) the impact of the proposed use on the site's soils, slopes, woodlands, wetlands, flood plains, natural resources and natural features, the degree to which these are protected or destroyed, the tolerance of the resources to development and any adverse environmental impacts; and (v) the impact of the proposal on the preservation of agriculture and other land uses which are essential to public health and welfare.

08960-14-5, dated August 7, 1985, is reversed. This case is remanded to the court of common pleas for the entry of a supplemental order consistent with the provisions of section 1011(2) of the MPC, 53 P.S. §11011(2), and the foregoing opinion. The court of common pleas shall retain jurisdiction of this case during the pendency of this matter.

Jurisdiction relinquished.