529 A.2d 96

Borough of Malvern; Planning Commission of the Borough of Malvern; Elizabeth Burke; Frank Ortner and William Huffman, Appellants *v.* Kenneth O. Jackson, Appellee.

Argued April 24, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*John C. Snyder, Lentz, Cantor, Kilgore & Massey, Ltd., and W. Robert Landis, with him, Douglas A. Lee, W. Robert Landis Associates, P.C., for appellants.*

*Lenard L. Wolffe, Pechner, Dorfman, Wolffe, Rounick & Cabot, with him, Alan B. Portnoff, Portnoff & Houpt, Ltd., attorneys for appellee.*

OPINION BY JUDGE MACPHAIL, August 5, 1987:

The Borough of Malvern, the Planning Commission of the Borough of Malvern, and several landowners (Appellants) appeal an order of the Chester County Common Pleas Court reversing a decision of the Malvern Zoning Hearing Board (Board). We affirm the Common Pleas Court.

On September 19, 1984, Kenneth O. Jackson (Appellee) filed a challenge to the Borough's zoning ordinance pursuant to Sections 910 and 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10910 and 11004. Appellee claimed that the zoning ordinance was invalid because it did not permit mobile home parks anywhere in the Borough. The Board dismissed the challenge and the Court of Common Pleas reversed the Board and ordered that the Borough issue the requisite permits for construction of the proposed mobile home park unless Appellants could show that the proposed park is incompatible with the site or reasonable, pre-

existing health and safety codes and regulations relating to such proposals. It is this order that Appellants have appealed to this Court.

In this case, the Court of Common Pleas took no additional evidence. Therefore, our scope of review is restricted to determining whether the Board committed an error of law or an abuse of discretion. *Williams v. Salem Township,* 92 Pa. Commonwealth Ct. 634, 500 A.2d 933 (1985). We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Appellants argue that the Board was correct in denying Appellee's challenge to the ordinance, even though it is conceded that the ordinance does not provide for mobile home parks as a separate use, because Appellee did not put forth evidence that the Borough is in the path of development and that it is excluding population growth within its boundaries. In order to resolve this issue, we must first review the rocky path that the law concerning the exclusion of mobile home parks has taken in this Commonwealth.

Originally, in a long line of cases, this Court held that a total exclusion of mobile home parks, in that such a use is a legitimate residential use category, was unconstitutional. *See Appeal of Township of Middletown,* 51 Pa. Commonwealth Ct. 465, 414 A.2d 768 (1980); *Environmental Communities of Pennsylvania, Inc. v. North Coventry Township,* 49 Pa. Commonwealth Ct. 167, 412 A.2d 650 (1980); *Whitemarsh Township v. Kravitz,* 39 Pa. Commonwealth Ct. 306, 395 A.2d 629 (1978); *Meyers v. Board of Supervisors of Lower Makefield Township,* 38 Pa. Commonwealth Ct. 578, 394 A.2d 669 (1978); *McKee v. Township of Montgomery,* 26 Pa. Commonwealth Ct. 487, 364 A.2d 775 (1976); *Board of*

*Supervisors of Upper Frederick Township v. Moland Development Co., Inc.,* 19 Pa. Commonwealth Ct. 207, 339 A.2d 141 (1975); *East Pikeland Township v. Bush Brothers, Inc.,* 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974).

This long line of cases was overturned by an *en banc* decision of this Court, *Shore Appeal,* 91 Pa. Commonwealth Ct. 7, 496 A.2d 876 (1985). In that opinion, this Court ruled that in light of our Supreme Court's holding in *Appeal of M. A. Kravitz Co., Inc.,* 501 Pa. 200, 460 A.2d 1075 (1983), an exclusion of mobile home parks by a zoning ordinance does not *per se* make the ordinance invalid. A court reviewing such an ordinance would be required to apply the "fair share" analysis our Supreme Court enunciated in *Surrick v. Zoning Hearing Board of Upper Providence Township,* 476 Pa. 182, 382 A.2d 105 (1977). This would require the party challenging such an ordinance to show that the municipality involved is in the path of development and that it is excluding population growth.

The holding in *Shore Appeal* was brought into question by our Supreme Court's holding in *Fernley v. Board of Supervisors of Schuylkill Township,* 509 Pa. 413, 502 A.2d 585 (1985) wherein it was held that where a zoning ordinance totally prohibits all multi-family dwellings of any sort, the considerations underpinning the "fair share" principle are irrelevant. Appellants argue that where a municipality has not blocked population growth in that it allows other multi-family uses but prohibits mobile home parks, the "fair share" analysis must be used. Appellant's contention cannot be supported, however, in light of this Court's holding in *Marple Township Appeal,* 99 Pa. Commonwealth Ct. 485, 514 A.2d 216 (1986), where we said, relying on *Fernley,* that where an "exclusion of mobile home parks . . . [is] total, a finding as to whether the . . . [munici-

pality has] met its fair share of the regional housing needs was not necessary." *Id*. at 497, 514 A.2d at 222.[1]

· The conclusion we reach is that once Appellee established that the zoning ordinance entirely excluded all mobile home parks from the Borough, the burden shifted to the Borough to establish that the prohibition promotes public health, safety, morals or general welfare. *See Fernley*. "Moreover, the constitutionality of a zoning ordinance which totally excludes a legitimate use is regarded with circumspection and, therefore, such ordinance must bear a more substantial relationship to a stated public purpose than a regulation which merely confines that use to a certain area within the municipality." *Id*. at 418, 502 A.2d at 587.

It is clear that Appellee established a prohibition of mobile home parks in the Borough. It is true that it would seem that mobile homes are permitted by the ordinance on single lots in some districts, but the ordinance does not provide for mobile home parks anywhere in the Borough. This is clearly an exclusion. *See Environmental Communities of Pennsylvania, Inc.*

Further, it is clear that the Appellants did not meet their burden of showing that the prohibition of mobile home parks was substantially related to the promotion of public health, safety, morals or general welfare.[2] Ap-

---

[1] Less than a week after *Marple Township* was decided, an *en banc* panel of this Court issued its opinion in *West v. Township Supervisors of Adams Township,* 99 Pa. Commonwealth Ct. 599, 513 A.2d 1114 (1986). In that case the Court relied on *Fernley* to invalidate an ordinance which prohibited all multi-family residences, including mobile home parks, without requiring a "fair share" analysis.

[2] As the Common Pleas Court correctly noted, although the Board improperly assigned the burden of proof, the Appellants nevertheless produced detailed evidence concerning the Borough's justification for the total exclusion of mobile home parks. The record is complete and a remand is unnecessary.

pellants essentially argue that there is too much low cost housing in the Borough now and that the Borough wants to insure that most of any new development of residential buildings on the Borough's remaining undeveloped land be of the high cost, low density variety. Appellants assert that the Borough needs the more expensive homes to increase its tax base and to better its economic climate.

We do not believe that the exclusion of mobile home parks is justified under these circumstances. There is obviously a demand for such a living arrangement in that Appellee is desperately attempting to receive permission to establish one. We do not believe that the Borough may block this development in the hope that large, more expensive homes will be the only type to be built in the Borough in the future. If the mobile home park meets all relevant safety and building regulations, it will not be harmful to the public health, safety or morals. Further, it is difficult to see how the general welfare of the Borough could be substantially furthered by allowing no mobile home parks. It would seem that some land could be reserved for this type of use while still reserving other land for larger, more expensive homes and that the general goal of increasing the tax base and bettering the economic climate could still be accomplished. The Borough may not totally exclude a legitimate housing type so that it may maximize its economic betterment.

Appellants argue in the alternative that the Board erred in failing to suspend the hearings in that *after* the Appellee filed his challenge, the Borough adopted a resolution pursuant to Section 609.2 of the MPC, 53 P.S. §10609.2, authorizing municipal curative amendments. It is clear that pursuant to this Court's opinion in *Galbreath v. Board of Supervisors of Northampton Township*, 55 Pa. Commonwealth Ct. 165, 423 A.2d 45

(1980), the Board was correct in refusing to suspend the hearings. Appellants ask that we reconsider our holding in *Galbreath*. We decline to do so because we feel that our holding in that case was sound and properly decided.

Finally, we note that the Common Pleas Court was correct to remand the case to allow Appellants to present evidence on whether the proposed mobile home park "is incompatible with the site or reasonable, pre-existing health and safety codes and regulations relating to such proposals." We further note that upon remand to the Board, the guidelines for judicial relief found at Section 1011(2) of the MPC, 53 P.S. §11011(2) should be followed.

We conclude that the order of the Common Pleas Court of Chester County reversing the Board and directing the Borough to issue construction permits unless the Appellants can show the proposal is incompatible with the site or reasonable, pre-existing health and safety codes and regulations must be affirmed.

ORDER

The order of the Court of Common Pleas of Chester County is affirmed.