544 A.2d 446

**Gerard V. McKOWN, Appellee,**

**v.**

**The BOARD OF SUPERVISORS OF EAST FALLOWFIELD TOWNSHIP, CHESTER COUNTY, Pennsylvania, Appellant.**

Supreme Court of Pennsylvania.

Argued April 11, 1988.

Decided July 28, 1988.

Fronefield Crawford, Jr., Thomas R. Wilson, West Chester, for appellant.

William H. Lamb, John D. Snyder, West Chester, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## ORDER

PER CURIAM.

Opinion and Order of the Commonwealth Court affirmed.

McDERMOTT, J., files a dissenting opinion.

McDERMOTT, Justice, dissenting.

I dissent. The issue crucial to the instant appeal is whether a mobilehome park is a legitimate and recognized use for which a place must be provided in all zoning ordinances. Although the term "mobilehome park" is defined in the Municipalities Planning Code,[1] and the Commonwealth Court has accepted mobilehome parks as a legitimate use, this Court has not heretofore addressed the issue.[2]

I am of the opinion that the issue presented is of such importance and capable of recurrence that it should not be addressed by a mere per curiam affirmance.

The Commonwealth Court in the seminal case of *East Pikeland Township v. Bush Bros., Inc.,* 13 Pa.Cmwlth. 578, 319 A.2d 701 (1974), does not cite persuasive reasoning for accepting mobilehome parks as a legitimate use. Nevertheless, that court has consistently adhered to the proposition and, as a result, it has become controlling precedent.

This Court has recently granted allocatur to hear the issue of whether mobilehome parks are a basic type of housing or legitimate use for which space must be provid-

1. 53 P.S. § 10107 (12.3)
2. This Court has recognized mobilehomes as a legitimate use. *See Geiger v. Zoning Hearing Board of North Whitehall Township,* 510 Pa. 231, 507 A.2d 361 (1986). However, whether mobilehome parks are a required use is a separate issue.

ed[3]; and allocatur is pending on another.[4] A summary disposition of this case adversely affects our ability to resolve these cases.

Although a majority of this Court may agree with the result below, this Court should undertake a more thorough analysis of whether a mobilehome park is a legitimate use. Therefore, I respectfully dissent.

3. *In re Appeal of Shore,* 107 Pa.Cmwlth. 522, 528 A.2d 1045 (1987) appeal granted, 517 Pa. 625, 538 A.2d 878 (1988).

4. *Borough of Malvern v. Jackson,* 108 Pa.Cmwlth. 248, 529 A.2d 96 (1987) petition for allowance of appeal pending.