Gary M. Evans and Greg D. Evans, Individually and t/a Evans Brothers Trucking Company, Appellants *v.* Lehman Township Zoning Hearing Board, Appellee.

Submitted on briefs June 4, 1985, to Judges CRAIG and COLINS, and Senior Judge BARBIERI, sititng as a panel of three.

*David R. Lipka,* for appellants.

*Joseph Van Jura,* for appellee.

Opinion by Judge Craig, August 13, 1985:

The appellant landowners, trading as Evans Brothers Trucking Company, have appealed an order of the Court of Common Pleas of Luzerne County which refused to grant them mandamus relief against the Lehman Township Zoning Hearing Board's action revoking an approval previously granted by that same board for a truck garage use.

In October, 1979, the board, pursuant to a hearing upon appeal from the zoning officer, had concluded that the premises, which the landowners had then proposed to buy, possessed legal nonconforming use status allowing garage use, even though the zone was a residential one. The board's order made the approval subject to certain restrictions—barring further expansion without board approval, prohibiting the emission of excessive noise, and limiting the storage of junked vehicles. After receiving the approval, the landowners purchased the property and proceeded to conduct the truck garage activity.

More than three years later, on January 10 of 1983 according to the parties and the pleadings, the zoning hearing board proceeded without an evidentiary hearing to pass a motion revoking its 1979 zoning approval, apparently on the basis that the landowners were not complying with some or all of the above restrictions.

Thereafter, in response to enforcement warnings from the board's solicitor, the landowners' attorney referred by letter to the possibility of the truck business being authorized as a "home occupation" and applied for a special exception under section 9.42 of the Lehman Township Zoning Ordinance, together with a request for a hearing on that application. In a later letter, dated February 22, 1984, the landowners' attorney did not pursue that request but instead referred

to the "special exception" granted in 1979[1] and requested that the board review its revocation action and reinstate the 1979 approval. The board, through its solicitor, refused.

In June, 1984, the landowners instituted a mandamus action solely against the zoning hearing board, and sought a peremptory judgment to command the board to reinstate the approval.

The trial court, in denying relief, stated that the landowners' remedy is to file an appeal from the board's revocation action to the court of common pleas.

The question presented is as follows: Where a zoning hearing board, pursuant to a hearing upon appeal to it, has granted a zoning approval subject to specified conditions, and that zoning hearing board, several years later, proceeds without a hearing to revoke the zoning approval on the basis that the landowners have violated the specified conditions, what remedy, if any, is available to the landowners?

The landowners rely upon *Myers v. Hamilton, Inc.,* 51 Pa. Commonwealth Ct. 504, 413 A.2d 1178 (1980), in which this court held that mandamus could provide a remedy where a zoning officer had revoked previously issued permits. However, the *Myers* case did not involve, as here, any disputed factual issue concerning the violation of conditions appended to the previous zoning approval. Because *Myers* involved only an issue as to overruling preliminary objections, the facts pleaded in the complaint were assumed to be correct;

---

[1] Although all the parties and their counsel, in correspondence and pleadings since the beginning of 1983, have characterized the board's 1979 action as a special exception, careful scrutiny of that board decision does not disclose a reference to an ordinance provision or any other indication that the approval was a special exception. The board characterized the approval as one based upon a determination of legal nonconforming use status, and imposed the restrictive conditions upon that approval.

the mandamus remedy is available where there is no dispute of fact. *Monroeville v. Effie's Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 315 A.2d 342 (1974). Therefore, *Myers* provides no authority for mandamus as a remedy in the present situation, where the zoning permit revocation is debatable. *Fassman v. Skrocki,* 37 Pa. Commonwealth Ct. 302, 390 A.2d 336 (1978).

In considering which other remedy, if any, is the proper one, our analysis is complicated by the unusual circumstance that this zoning hearing board—the adjudicative body—undertook to revoke its earlier action as if it possessed administrative powers to effectuate enforcement. In the *Myers* case, as noted above, the municipal zoning officer issued the revocation.

Under the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11108-A, zoning hearing boards possess no powers as zoning administrators or as enforcement officers. Section 614 of the MPC, 53 P.S. §10614, provides for the appointment of a "zoning officer" for "the administration of a zoning ordinance . . . ." Section 617, 53 P.S. §10617, provides that the governing body or an officer of the municipality may institute proceedings for enforcement purposes; that section does not mention the zoning hearing board.

Article IX of the MPC limits the functions of a zoning hearing board to: hearing and deciding appeals from actions of the zoning officer (section 909, 53 P.S. §10909); hearing challenges to the validity of a zoning ordinance (section 910, 53 P.S. §10910); hearing requests for variances (section 912, 53 P.S. §10912); hearing and deciding requests for special exceptions (section 913, 53 P.S. §10913); and hearing appeals with respect to other municipal ordinances

affecting a development involved in a zoning matter (section 913.1, 53 P.S. §10913.1).

Moreover, section 1006(1)(c) of the MPC, 53 P.S. §11006(1)(c), provides that zoning appeals not involving the validity of an ordinance shall go exclusively to the zoning hearing board under section 909 noted above, where a landowner desires "to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which prohibits or restricts the use or development of land . . . ." Thus the board is to review permit revocations, not initiate them.

These interrelated provisions of the MPC make clear that a zoning hearing board exists solely as an adjudicative body empowered to review matters brought to it under the respective provisions, not having any jurisdiction to act as an enforcement officer, whether in respect to its own previously issued approvals or conditions, or otherwise.[2]

When the zoning hearing board here granted approval of the truck garage operation in 1979, the proper procedure would have been for the township zoning officer to issue an appropriate permit reflecting that approval decision. In fact, the board's 1979 decision concluded by stating that "the Zoning Officer is authorized and directed to issue any necessary Zoning Permit forthwith."

That administrative permission necessarily would have been burdened by the conditions attached to it by the board's 1979 decision. If the permitholder violated those conditions, the township zoning officer,

---

[2] In *Al Monzo C. Co.. Inc. v. Monroeville Borough*, 5 Pa. Commonwealth Ct. 97, 289 A.2d 496 (1972), the governing body revoked a conditional use permit which it had granted, but MPC §1006(1), as quoted above, expressly contemplates that a governing body may make an administrative order in such a zoning matter.

as the official empowered by statute to carry out administrative actions, should have ordered compliance and, if deemed necessary, issued a notice of revocation for noncompliance with conditions. From that administrative action, the proper review course would have been an appeal to the zoning hearing board under MPC §909, which embraces all appeals from administrative actions not otherwise covered. Pursuant to such an appeal, the board should have held a hearing as provided by MPC section 908, 53 P.S. §10908, to make a record as to whether the landowner in fact had violated the conditions. If the board upheld the revocation, the landowner would have the usual appeal to court.

Because the testimony in the trial court hearing indicates that township records relating to the period of the purported revocation have been lost in a fire at the municipal building, the precise administrative history of this matter is not clear. The zoning officer testified before the court that he issued to the landowners a written notice of the zoning hearing board's meeting or hearing on the revocation issue, but he did not testify that *he* took any permit revocation action which would have provided a basis for such a further board proceeding. In any event, the record before this court fails to indicate that there has been any administrative revocation of the 1979 permission, and the record also fails to indicate that the zoning hearing board, as the body empowered to hold a proper hearing pursuant to any appeal of such revocation, has ever held an evidentiary hearing upon such a point.

Therefore, because the record does not show any lawful revocation of the 1979 permit by the official empowered by statute to effectuate it, this court must reverse the trial court's order as a matter of law, and direct the granting of peremptory mandamus, com-

manding the township to recognize the 1979 permit as remaining in effect.

As noted above, if the township, through its zoning officer, hereafter decides that revocation of the permit is warranted because of noncompliance with permit conditions, and if the zoning officer takes such a revocation action, the landowners would be entitled to file a timely appeal with the zoning hearing board, which would then be required to conduct an evidentiary hearing as a basis for its review of the revocation action.

ORDER

Now, August 13, 1985, the order of the Court of Common Pleas of Luzerne County, dated August 30, 1984, is reversed and remanded, with a direction that peremptory mandamus issue, commanding the township to recognize that the permission of October, 1979 remains unrevoked and in effect.

Jurisdiction relinquished.