John R. Shattuck and Nancy N. Shattuck, his wife v. The Zoning Hearing Board of Warren County and Robert G. Rieder. Robert G. Rieder, Appellant.

Argued October 11, 1985, before Judges CRAIG and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Bernard J. Hessley,* for appellant.

*Richard A. Hernan, Jr.,* for appellee.

OPINION BY JUDGE CRAIG, November 26, 1985:

Landowner Robert Rieder has appealed three orders of the Court of Common Pleas of the 37th Judicial District of Pennsylvania, Warren County.

The first trial court order, issued on September 21, 1983, reversed a decision of the Zoning Hearing Board of Warren County. The board had determined that section 1007 of the Pennsylvania Municipalities Planning Code (MPC)[1] barred as untimely an appeal by objectors John and Nancy Shattuck alleging that the landowner's garage situated on a neighboring vacant lot was not in compliance with the local zoning ordinance. The board's decision also had determined that the landowner was using the garage in question for residential purposes in accordance with the Warren County Zoning Ordinance of 1965. The trial court disagreed; the September, 1983 order ruled that the landowner's garage constituted a violation.

The second trial court order, dated June 5, 1984, resulted from the board's petition (filed May 31, 1984) to construe that September, 1983 reversal order. The court, by its second order, directed the landowner either to remove the garage or bring it into conformity with the zoning ordinance.

The third trial court order, dated October 29, 1984, resulted from the objectors' petition for an order mandating destruction of the garage. The order instructed the sheriff of Warren County to raze the building at the landowner's expense.

The landowner did not appeal any of the trial court orders to this court until November 5, 1984. Hence we also have the objectors' motion to quash the landowner's appeal of the September 21, 1983 and June 5, 1984 orders as untimely under Pa. R.A.P. 903(a).[2]

The landowner and the objectors are neighbors in Pleasant Acres Subdivision, residing at lots No. 5 and

---

[1] Section 1007 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S.§11007.

[2] Pa. R.A.P. 903(a) requires that the notice of appeal be filed within thirty days after the entry of the order from which the appeal is taken.

No. 4, respectively. The Zoning Ordinance of Warren County designated that subdivision as a single-family residential district. On June 12, 1981, the zoning officer issued a permit to the landowner allowing construction of a garage on his lot No. 5, which already had a garage attached to his house. The zoning officer later changed the permit to show permission to build a garage on lot No. 3, a vacant lot which the landowner also owned. That vacant lot is located two lots away from the landowner's residence and next to the objectors' residence. The record is unclear and the facts are disputed as to when and why the zoning officer made that change.

The landowner constructed a wood frame garage with aluminum siding, a dirt floor and without utility service. The objectors believed that the landowner was using the garage as a warehouse for his construction business and not for residential purposes. The trial court determined that the objectors had notice of the garage in October, 1981. Although the objectors made informal protests through their attorney to the zoning hearing board, they did not file an appeal with that board until January 17, 1983, well beyond the thirty-day appeal period established in section 915 of the Code.[3] On February 28, 1983, the board barred the objectors' appeal as untimely, but also resolved the merits in the landowner's favor. The objectors' subsequent appeal of the board's decision led to the three court orders before us for review.

The objectors' motion to quash the appeal of the two orders dated September 21, 1983 and June 5, 1984

---

[3] 53 P.S. §10915 prohibits any person from filing a proceeding with a board later than thirty days after a zoning application has been approved, unless such person alleges and proves lack of notice, knowledge or reason to believe approval had been given.

was directed[4] for argument with the merits of the appeal. We will first address the motion to quash.

1. *Motion to Quash Appeal as to Two Trial Court Orders*

The objectors assert that the common pleas order reversing the board's decision, dated September 21, and entered on the docket on September 23, 1983, was a final order and therefore that the landowner's appeal to this court on November 5, 1984 was untimely. The landowner characterizes the September, 1983 reversal order as not being final until the landowner's counsel had it reduced to judgment as of November 5, 1984.

This court has held that appeals in zoning cases are governed exclusively by sections 1001-1011 of the MPC,[5] and are not subject to the requirement that the common pleas court order be reduced to judgment before the filing of an appeal to this court. *Roth v. Zoning Hearing Board of Springfield Township,* 91 Pa. Commonwealth Ct. 445, 497 A.2d 295 (1985).

The landowner's reliance upon Pa. R.A.P. 301 is misplaced. Pa. R.A.P. 301(a) clearly states that entry on the docket is the prerequisite for an appealable order, consistent with Pa. R.A.P. 903(a) which measures the thirty-day appeal time limit from the date of entry of the order from which the appeal is taken. The provisions for the reduction of decisions to judgment in Pa. R.A.P. 301(c) and 301(d) clearly pertain to the use of judgment entries in order to achieve finality with respect to undocketed decisions. Moreover, consistent with this court's conclusion in *Roth,* none of the Pennsylvania Rules of Civil Procedure

---

[4] By order of Judge LEHMAN of this court issued March 7, 1985.

[5] 53 P.S. §§11001-11011.

concerning the reduction of decisions to judgment— Pa. R.C.P. No. 227.4 and the various rules listed in the official Note to it—have any application to statutory zoning appeals in common pleas courts.

Consequently, the issue before us on the motion to quash is whether the September, 1983 common pleas .order, which reversed the decision of the board, was final in its nature. We conclude that it was final because it constituted a complete resolution of the statutory zoning appeal before the trial court. It put the landowner "out of court" as to the zoning issue which the objectors had brought in the appeal. *Pugar v. Greco,* 483 Pa. 68, 72-74, 394 A.2d 542, 544-45 (1978).

Before 1978, the MPC authorized a common pleas court, in reviewing an action of a zoning hearing board, to reverse, affirm or modify a board's decision.[6] The legislature revised that section of the Code in 1978[7] so that it applies now only to challenges of a zoning ordinance. In addressing the effect of that 1978 amendment, Mr. Ryan[8] makes the following wholly sound observation:

> The zoning Enabling Acts other than the Municipalities Planning Code provide that in reviewing the action of a zoning board the lower court may reverse or affirm the board's decision, in whole or in part, or may modify the decision. . . .

---

[6] Before the 1978 amendment to section 1011 of the Code, the section read in part:

(1) In a zoning appeal the court shall have power to declare any ordinance or map invalid and to set aside or modify any action, decision or order of the governing body, agency or officer of the municipality brought up on appeal.

[7] Section 1011 of the Pennsylvania Municipalities Planning Code, *as amended,* Act of October 5, 1978, P.L. 1067, No. 249, 53 P.S. §11011.

[8] Ryan, Pennsylvania Zoning Law and Practice, 1984 supp., §9.5.13, pp. 161-162.

Before 1978, Planning Code §1011 contained similar provisions. However the Act of October 5, 1978, P.L. 1067, No. 249, appropriated that section, revising it so that it applies now only to challenges of the validity of a zoning ordinance. As a result, there is no Code provision specifically governing the relief available in the case of an ordinary appeal. However, the existence of a right of appeal invests the court by implication with power to affirm, reverse or modify the action appealed from, in whole or in part, with or without specific authorization. The same result flows directly from 2 Pa. C. S. §754, which grants to a court reviewing action by a 'local agency' [including a zoning hearing board or a municipal governing body] the broad remedial powers given to the appellate courts by 42 Pa. C. S. §706. (Citations omitted.)

Pursuing Mr. Ryan's astute references to 2 Pa. C. S. §754 and 42 Pa. C. S. §706, we note that the former section authorizes the court of common pleas reviewing a zoning board decision to function as an appellate court and to adjudicate the zoning appeal in accordance with 42 Pa. C. S. §706, the latter section, which states:

An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.

The trial court's decision on September 21, 1983 decided that the garage in question was not in compliance with the local zoning ordinance, thus reversing the zoning hearing board's decision. The circumstances of that adjudication did not *require* any fur-

ther proceedings. Therefore, the reversal order was final. Because the landowner did not appeal that order within the thirty-day time limit established in Pa. R.A.P. 903 (a),[9] this court must quash the appeal as to the September 21, 1983 reversal order.

More than eight months after the trial court had reversed the board's decision, the board petitioned the trial court to construe the September 21, 1983 reversal order. The court held a hearing in response to that petition and issued a second order on June 5, 1984, instructing the landowner either to remove the building or bring it into conformity with the zoning ordinance. Section 617 of the MPC[10] expressly authorizes enforcement proceedings to remedy a zoning violation:

Enforcement Remedies.—In case any building, structure, or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body, or with the approval of the governing body, an officer of the municipality, in addition to other remedies, may institute in the name of the municipality any appropriate action or proceeding to prevent, restrain, correct or abate such a building, structure or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation.

Although this section contemplates that enforcement actions will normally be embodied in an "appropriate action" distinct from the statutory zoning appeal, within which the MPC creates no enforcement elements, the petition to construe the reversal order in-

[9] See fn.2.
[10] 53 P.S. §10617.

stituted proceedings beyond the zoning appeal as contemplated by the MPC.[11] Because the landowner did not appeal the enforcement order within the thirty-day time limit established in Pa. R.A.P. 903(a), this court must also quash the landowner's untimely appeal of the June 5, 1984 enforcement order, entered on the docket under date of June 8, 1984.

### 2. *Appeal of the Third Trial Court Order*

Before us remains the landowner's timely appeal of the October 29, 1984 trial court order which instructed the sheriff of Warren County to raze the building at the landowner's expense. The objectors' petition for an order mandating destruction of the garage was appropriate because the enforcement order of June 4 had not been satisfied; the objectors were pursuing implementation of the enforcement proceedings.

Because section 617 of the Code reinforces the trial court's substantive power in a zoning violation situation, the trial court had the authority to order the abatement of a building which constituted a zoning violation. Accordingly, we affirm the trial court's October 29, 1984 order commanding the razing of the garage at the landowner's expense.

### ORDER

Now, November 26, 1985, the motion of John and Nancy Shattuck to quash the appeal as to the orders of the Court of Common Pleas of the 37th Judicial

---

[11] Under *Evans v. Lehman Township Zoning Hearing Board*, 91 Pa. Commonwealth Ct. 106, 496 A.2d 1270 (1985), recently holding that the MPC confers no enforcement powers upon zoning hearing boards, the board's initiation of the June 5, 1984 order may have been an *ultra vires* action by the board, but the landowner's failure to file a timely appeal has taken that issue beyond this court's grasp.

District of Pennsylvania, Warren County, dated September 21, 1983, and June 5, 1984, filed by Robert Rieder, is granted. The order of October 29, 1984, is affirmed.