MOUNTAIN PROTECTION ALLI-ANCE, a committee of the Mountain Watershed Association, Kerry Popernack and Marsha Popernack, his wife, Charles Warner, John Monaco and Diane Monaco, his wife, Barry Donaldson and Brenda Donaldson, his wife, Ed Baer and Jane Baer, his wife and Donna Bigham, Appellants,

v.

FAYETTE COUNTY ZONING HEAR-ING BOARD and Amerikohl Mining Company.

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 2000.

Decided Aug. 10, 2000.

Andrea Geraghty, Pittsburgh, for appellants.

Charles O. Zebley, Jr., Uniontown, for appellees.

Before: KELLEY, Judge, FLAHERTY, Judge, and NARICK, Senior Judge.

FLAHERTY, Judge.

Mountain Protection Alliance (MPA) appeals from an order of the Court of Common Pleas of Fayette County which granted the motion to quash filed by Amerikohl Mining Company, Inc. (Amerikohl) in response to MPA's appeal. We affirm.

The history of this case is as follows. Amerikohl applied for a special exception to conduct quarrying operations. Eight hearings were conducted before the Fayette County Zoning Hearing Board (Board). At its last hearing on October 23, 1996, the Board orally announced its approval of Amerikohl's application, with several conditions. The Board thereafter failed to issue a written decision within 45 days of the last hearing as is required by Section 908(9) of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(9).

On November 21, 1996, 29 days after the last Board hearing, MPA filed an appeal to the trial court, acknowledging that the Board had yet to issue a written decision as required by the MPC, but nonetheless sought to reverse the oral grant of the special exception with conditions. The Board filed an answer. No other activity with regard to this appeal took place for two years.

On December 12, 1996, Amerikohl filed an action in mandamus in the trial court asserting a deemed approval of its special exception without conditions. On March 14, 1997, the trial court determined that Amerikohl's application for a special exception was deemed approved without conditions because the Board failed to render a written decision within 45 days of the last hearing and granted the mandamus.[1] On appeal, this court affirmed, *Amerikohl Mining Co. v. Fayette County Zoning Hearing Board* (No. 1007 C.D.1997, filed March 19, 1998, Pa.Cmwlth.) and the Supreme Court thereafter denied MPA's petition for allowance of appeal.[2]

On December 21, 1998, MPA filed a pre-trial praecipe to place the appeal filed by it on November 21, 1996 on the pre-trial docket. On February 4, 1999 Amerikohl filed a petition to intervene which the trial court granted. On April 12, 1999, Amerikohl filed a motion to quash MPA's November 21, 1996 appeal which the trial court granted finding that there was no written decision from the Board at the time MPA filed its November 21, 1996 appeal. Although MPA could have chosen to pursue a statutory appeal of the deemed approval, it failed to do so. As such, the trial court determined that it was without jurisdiction to hear MPA's appeal. This appeal followed.

■ The first issue presented is whether the appeal filed by MPA on November 21, 1996 was premature because it was filed before the entry of a final order. MPA points out that the merits of a deemed decision can be challenged on appeal. *Gryshuk v. Kolb*, 685 A.2d 629 (Pa. Cmwlth.1996). Although we agree with this statement of the law, the issue is whether MPA filed a timely appeal of the

deemed decision thus warranting a review on the merits.

In this case, the Board failed to render a written decision within 30 days of its last hearing and when such occurs "the decision shall be deemed to have been rendered in favor of the applicant...." 53 P.S. § 10908(9). As such, Amerikohl filed a mandamus action. MPA concedes that the decision of the trial court issuing a writ of mandamus in favor of Amerikohl on March 14, 1997, granting its special exception without conditions was a final ruling. (MPA's brief at p. 8.) In accordance with 53 P.S. § 11002–A in the case of a deemed decision, an appeal must be filed within "30 days after the date upon which notice of said deemed decision is given...." MPA maintains that because it filed an appeal of the Board's oral decision granting the special exception with conditions on November 21, 1996, less then 30 days after the rendering of the oral decision, this appeal is sufficient to act as an appeal of the trial court order of March 14, 1997 granting deemed approval of Amerikohl's special exception without conditions. MPA maintains that it did not file a late appeal but an early one and should not be denied its opportunity to be heard on the merits. We disagree.

MPA did not have notice of the deemed decision on November 14, when it filed its appeal because such did not occur until December 7, 1996, 45 days after the Board's last hearing. Thus, the November 21 appeal was premature and did not fall within the 30 day appeal period provided for by 53 P.S. § 11002–A. Amerikohl maintains that a court lacks jurisdiction to hear a premature appeal just as it lacks jurisdiction to hear a late appeal. *Galbreath v. Board of Supervisors of Northampton Township*, 55 Pa.Cmwlth. 165, 423

---

**1.** The deemed approval occurred December 7, 1996, 45 days after the Board's last hearing on October 23, 1996.

**2.** The lack of a timely Board decision leading to the deemed approval, not the substantive merits of the case, was the sole issue litigated

in the mandamus case. A statutory appeal challenges the content of the decision rendered while the mandamus action brought under the statute assaults the inaction of the Board.

A.2d 45 (1980)(where the lower tribunal has made no final disposition, appellate jurisdiction does not lie.).

Amerikohl relies on *Appeal of Foltz,* 22 Pa.Cmwlth. 562, 349 A.2d 918 (1976), wherein a developer filed an appeal from the Board's decision, which was adverse to him, and issued 46 days after the last hearing. The developer also initiated a mandamus action to compel issuance of the requested permits, as the Board's decision was not issued within 45 days. This court agreed with developer that the Board's decision, having been recorded beyond the 45 day limit was deemed favorable to applicant. The developer sought to discontinue his precautionary appeal from the Board's seemingly adverse ruling, but objectors sought to press developer's precautionary appeal to obtain further review on the merits. This court stated that the decision in the mandamus action held as a matter of law that the Board's failure to render a decision within 45 days constituted a favorable decision for the developer. Hence, developer was not aggrieved by the decision of the Board and had no standing to initiate the precautionary appeal. Objectors were trying to breathe life into a moot appeal. Here, Amerikohl argues that MPA's premature appeal is a nullity; and we agree.

The next issue presented is whether the Pennsylvania Rules of Appellate procedure, which permit the perfecting of a premature appeal, should be followed in zoning matters.

According to Pa. R.A.P. 301(a) no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court. However, a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof. Pa. R.A.P. 905(a). In *Reuter v. Citizens & Northern Bank,* 410 Pa.Super. 199, 599 A.2d 673 (1991) a verdict was entered in Bank's favor on January 26, 1990 and Reuter's motion for post-trial relief was dismissed on September 7, 1990. On September 14, 1990 Reuter filed a notice of appeal; however, final judgment was not entered until October 29, 1990. The court treated the premature appeal as being filed "after and on the day the judgment was entered." *Id.* 599 A.2d at 675. Appellate jurisdiction may be perfected after notice of appeal has been filed upon docketing of a final judgment. *Id.* Here, MPA filed an appeal after the Board's oral decision. However because the Board failed to issue a timely written decision, Amerikohl was awarded a deemed decision. MPA maintains that the deemed decision which granted Amerikohl an unconditional permit perfected MPA's prior appeal of the Board's decision to grant Amerikohl a conditional permit.

■ We agree with Amerikohl that MPA's argument is misplaced as the provisions in the Rules of Civil and Appellate Procedure for the reduction of decisions to judgment do not pertain to zoning appeals. *Shattuck v. Zoning Hearing Board of Warren County,* 93 Pa.Cmwlth. 209, 501 A.2d 319 (1985). The procedure to appeal the decision of a zoning hearing board is set forth in 53 P.S. § 11001–A which states that "[t]he procedures set forth in this article shall constitute the *exclusive* method for securing review of any decision . . . ." (Emphasis added.) This is also not a case where MPA appealed an adjudication awaiting docketing. Rather, MPA filed an appeal before the Board reached a decision. Moreover, we also observe that the deemed decision which granted Amerikohl an *unconditional* permit could not as MPA argues have perfected MPA's prior appeal of the Board's oral decision to grant the permit as that grant by the Board was for a *conditional* permit. As the appeal of a conditional permit is not the same as an appeal of a unconditional permit, one could not perfect the other.

Finally, MPA argues that in the interest of judicial economy and speedy resolution this court should permit MPA to pursue its

appeal of the deemed decision on the merits.

MPA, again citing to the Rules of Appellate Procedure maintains that in the interest of just, speedy and inexpensive resolution, the court on its own motion may disregard the requirements of the rules. Pa. R.A.P. 105 and Pa. R.C.P. 126. MPA maintains that it should not have been required to refile its appeal because the trial court had jurisdiction to ignore the MPC's timelines requirements in favor of judicial economy and hold MPA's premature appeal perfected.

However, as previously stated the Rules of Civil and Appellate Procedure do not have "any application to statutory zoning appeals...." *Id.* 501 A.2d at 322. Such matters are governed exclusively by the MPC.

Accordingly, as MPA did not file a timely appeal from the deemed approval of Amerikohl's special exception, the merits of MPA's appeal are not properly before this court and the order of the trial court quashing MPA's appeal is affirmed.

### *O R D E R*

NOW, August 10, 2000, the order of the Court of Common Pleas of Fayette County at No. 2088 of 1996 G.D., dated June 1, 1999, is affirmed.

KELLEY, Judge, concurring.

I join in the majority's decision and write separately to point out how the events, which occurred in this case, have brought about the unfortunate result of the substantive merits in this matter never being addressed by the courts. As set forth by this Court in *Amerikohl Mining Co. v. Fayette County Zoning Hearing Board* (Pa.Cmwlth., No. 1007 C.D.1997, filed March 19, 1998), after a series of public hearings, the Fayette County Zoning Hearing Board (Board) orally announced its decision on October 23, 1996 approving Amerikohl's application seeking a special exception with several conditions. A representative of Amerikohl, counsel for Amerikohl, as well as members of the press were in attendance. The following day, a newspaper of general circulation reported the Board's decision.

On November 29, 1996, Phyllis Jin, attorney and member of the Board, drafted a written decision granting conditional approval of Amerikohl's application. On December 2, 1996, the proposed decision was submitted to the Fayette County Office of Planning and Community Development (Planning Office). Pursuant to internal operating procedures, the Planning Office mailed the decision to Board Chair, Ross DiMarco, for his execution and return. DiMarco signed and dated the decision and hand delivered it to the Planning Office during the first week of December 1996. However, the decision was lost and never mailed to Amerikohl or any other party of record. Thus, the first in the series of unfortunate events occurred—the decision was lost and a written decision by the Board was not rendered within the required 45 days.

Thereafter, on December 12, 1996, Amerikohl filed an action in mandamus against the Board in the trial court. Amerikohl's complaint requested that the trial court order the Board to issue a written decision approving Amerikohl's application for special exception without conditions. MPA intervened.

A non-jury trial was held before the trial court on January 21, 1997, at which time the Board provided Amerikohl with a copy of the Board's decision that had been redrafted because the Board never located the original decision. By order filed March 18, 1997, the trial court held that Amerikohl's application was deemed approved without condition due to the Board's failure to render a written decision within 45 days of the last hearing as required by Section 908(9) of the Pennsylva-

nia Municipalities Planning Code (MPC).[1]

On March 31, 1997, MPA filed a motion to reconsider with the trial court, which was opposed by Amerikohl. The trial court denied the motion for reconsideration on April 11, 1997. No post trial motions were filed.

On April 17, 1997, MPA filed a notice of appeal with this Court and raised the issue of whether the trial court erred in determining that Amerikohl was entitled to deemed approval. However, this Court held that we were precluded from addressing the merits of MPA's appeal in the absence of a motion for post-trial relief. Hence, this Court affirmed the trial court's order without reaching the substantive issue of whether the trial court correctly determined that Amerikohl was entitled to deemed approval of its application for special exception without conditions. Thus, another unfortunate event.

Another unfortunate event occurred when MPA or another interested party failed to timely appeal the deemed decision as permitted by Section 1002–A of the MPC, 53 P.S. § 11002–A. Consequently, the opportunity to have the merits of the deemed decision reviewed was lost. And now the majority holds in the current matter before this Court that MPA's appeal of the Board's decision must be quashed because MPA's November 21, 1996 appeal of the Board's oral decision was premature because it was filed before the entry of a final order. Accordingly, this Court affirms the trial court's order quashing MPA's appeal from the Board's oral decision and holds that since MPA did not file a timely appeal from the deemed approval of Amerikohl's application for special exception, the merits of MPA's appeal are not properly before this Court.

While I agree with the majority's decision, I find it regrettable that the merits have not been reached in this matter due to the sequence of events which occurred starting with the administrative breakdown by the Board and ending with MPA's failure to follow the procedure set forth in the MPC for appealing a deemed decision. The procedures set forth in the MPC are to protect not only landowners, but also all interested parties and this case is a classic example of what happens when a party fails to take advantage of these protective procedures.

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(9).