IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Andrew Fullman          :
          :
         v.          :
          :
Appeal from Decision of Bureau of   :
Administrative Adjudication    :
          :  No. 1025 C.D. 2023
Appeal of: Andrew Fullman     :  Submitted: May 6, 2025


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: June 13, 2025


Andrew Fullman (Fullman) appeals pro se from the Philadelphia County Common Pleas Court's (trial court) August 14, 2023 order granting the City of Philadelphia's (City) Motion to Dismiss his appeal (Motion) from the City's Bureau of Administrative Adjudication's (BAA) decision that upheld his violation of Section 12-1005(1) of the Philadelphia Traffic Code[1] (Traffic Code). Essentially, there is only one issue before this Court: whether the trial court abused its discretion by granting the City's Motion.[2] After review, this Court affirms.

---

[1] Phila., Pa., Traffic Code § 12-1005(1) (effective May 6, 1958) (pertaining to use of parking meters). *See* https://codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-284741 (last visited June 12, 2025).

[2] Fullman raises 24 separate issues in his brief before this Court, including the substantive issues of his appeal, claims of discrimination, and challenges to the trial court's conduct during the hearing. *See* Fullman Br. at 4-6. Because the merits of the trial court's order granting the Motion is dispositive, this Court addresses only that issue.

On April 22, 2022, the City's Parking Authority (Authority) issued Fullman a parking citation (Ticket) for violating Section 12-1005(1) of the Traffic Code - failure to pay the designated fee to use a parking meter (April 2022 Ticket).[3] The Authority assessed a $36.00 civil penalty against Fullman for the April 2022 Ticket. On May 31, 2022, Fullman appealed from the April 2022 Ticket to the BAA, requesting a hearing and submitting evidence to refute the April 2022 Ticket. Therein, Fullman referenced his vehicle's handicapped license plate and his "legal entitle[ment] to one full hour of free parking under Section 12-1117(2)(a) of the Traffic Code."[4] Original Record (O.R.), Item No. 7 at 4. After review, the BAA's hearing examiner determined that Fullman was liable for the civil penalty related to the April 2022 Ticket. On June 16, 2022, Fullman appealed from the hearing examiner's decision to the BAA Appeal Panel and again presented evidence to refute the April 2022 Ticket. On December 5, 2022, the BAA's Appeal Panel issued its written findings and affirmed the BAA hearing examiner's decision.

---

[3] Fullman's vehicle displays a handicapped license plate and Fullman has a handicapped parking placard.

[4] Section 12-1117(2)(a) of the Traffic Code states:

*Exemption for physically handicapped persons and disabled or severely-disabled veterans from parking time limits and parking meter fees.*

(a) When a motor vehicle bearing a handicapped plate, a handicapped parking placard, a severely- disabled veteran's plate, or a severely-disabled veteran placard is being operated by or for the transportation of a physically handicapped person or a severely-disabled veteran, the driver shall be entitled to park for a period of sixty (60) minutes in excess of the maximum time limit and without payment of any parking meter fees during that sixty (60) minute period on streets where parking is limited but not prohibited by ordinance or by the Vehicle Code[, 75 Pa.C.S. §§ 101-9901]. Such motor vehicles shall comply with all parking prohibitions.

Traffic Code § 12-1117(2)(a).

On January 4, 2023, Fullman appealed from the BAA's decision to the trial court (April 2022 Ticket Appeal).[5]  On February 6, 2023, the trial court issued a scheduling order directing, among other things, that oral argument on the appeal's merits be scheduled for a date after August 7, 2023, and that, once scheduled, no continuances would be granted.  On June 9, 2023, the trial court scheduled oral argument for August 10, 2023, relative to Fullman's April 2022 Ticket Appeal and an appeal from a ticket the Authority issued to him on September 10, 2021 (September 2021 Ticket) that the BAA's Appeal Panel also upheld (September 2021 Ticket Appeal).[6]

On August 10, 2023, the trial court called Fullman's September 2021 Ticket Appeal first.  Fullman appeared and argued to the trial court that it should overturn the BAA's decision because he was not parked in the handicapped spot for one hour and his dashboard camera showed that he had moved his car.  According to Fullman, the BAA improperly disregarded his evidence.  The following exchange occurred between Fullman and the trial court during the September 2021 Ticket Appeal hearing:

> [Fullman]: I have a parking permit.  I only moved my car so [sic] go see if I could find parking where I have a zone. I pay the [] Authority $35.00 a year to park down there. And if there's no spots there, I'm coming back to my block, I'm going to park where there's spots available. Handicap was available and I parked there.  This mess [the City's attorney is] talking about, I don't know what he's talking about, but I'm telling you what I did.
>
> [Trial Court]: Okay, but you see, . . . as someone who's well acquainted with the procedures, well acquainted with the laws in this area, well acquainted with the procedures for appeal, since you have so many of them for various

---

[5] The trial court docketed the appeal at January Term 2023, No. 00256.

[6] On February 5, 2023, the trial court issued an identical scheduling order relative to Fullman's September 2021 Ticket Appeal.

3

types of activities. The hour grace period, the clock ticks from the first point in time. The fact that you move your vehicle in the interim doesn't change that hour grace period. You purposefully went back to that location to --

[Fullman]: -- no, I didn't purposefully go back.

[Trial Court]: Oh, okay, so --

[Fullman]: -- well, let Commonwealth Court handle it.

[Trial Court]: Well, unfortunately they will, but what I'm trying to explain to you is --

[Fullman]: -- Your Honor, don't even waste your time, I'm walking out.

[Trial court]: Oh, okay, fine, all right. Do --

[Fullman]: -- remember, you're going to stand in front of Jesus Christ.

([Fullman] exited the courtroom.)

[Trial Court]: Well, I'm sure he has more patience than myself. All right. Well, **let the record reflect that we didn't even get to [] Fullman's other appeal**, [**the April 2022 Ticket Appeal**].

Do you have **a motion with respect to that one**?

[City Attorney]: Yes, Your Honor, **I would motion that it be dismissed for his failure to prosecute the appeal**.

[Trial Court]: **And that is granted**. As to the other, it is denied for lack of merit. And let the record reflect he walked out.

Notes of Testimony (N.T.) August 10, 2023 at 7-9 (emphasis added).

On August 14, 2023, the trial court issued the following order:

[U]pon consideration of the pending [April 2022 Ticket] Appeal, and of any response thereto; and of the incident that occurred on the record before scheduled argument was to be held concerning the instant appeal on August 10, 2023, wherein [**Fullman**] **stormed out of the courtroom**

4

**shouting in a threatening manner** that this [trial c]ourt would be facing judgment day following this [trial c]ourt's denial of his [September 2021 Ticket Appeal], the [City's] Motion to Dismiss [the April 2022 Ticket Appeal] is GRANTED and the instant appeal is DISMISSED for failure to proceed to oral argument in violation of this [trial c]ourt's [s]cheduling [o]rder and for **displaying contemptuous disrespect and disruption of proceedings**.

It is further ORDERED and DECREED that the Appeal is DENIED for lack of merit.

O.R., Item No. 15 (emphasis added).

On August 14, 2023, Fullman filed a Motion for Reconsideration in the trial court, which the trial court denied on August 25, 2023. Fullman appealed to this Court.[7] On October 6, 2023, the trial court directed Fullman to file a Concise Statement of Errors Complained of on Appeal in accordance with Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b) (Appellate Rule 1925(b) Statement). Fullman timely filed his Appellate Rule 1925(b) Statement.

The law is well established that a "moving party . . . 'ha[s] an affirmative duty to prosecute the appeal he filed.'" *King v. City of Phila.*, 102 A.3d 1073, 1077 (Pa. Cmwlth. 2014) (quoting *Civ. Serv. Comm'n of the City of Phila. v. Wenitsky*, 521 A.2d 80, 82 (Pa. Cmwlth. 1987)). "Although not strictly bound by the [Appellate] Rules . . . ,[8] the trial court, acting as an appellate court, may look to

---

[7]    When the trial court does not take additional evidence, [this Court's] . . . review of a local agency's adjudication is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. An agency abuses its discretion when its findings of fact are not supported by substantial evidence.

*Kuziak v. Borough of Danville*, 125 A.3d 470, 474 n.2 (Pa. Cmwlth. 2015) (citations omitted).

[8]    Because the BAA is a local agency, [the] Local Agency Law[, 2 Pa.C.S. §§ 551-555, 751-754,] applies. The Local Agency Law

the [Appellate] Rules . . . for guidance and 'such points of procedure are best left to the sound discretion of the trial court.'" *King*, 102 A.3d at 1077 (quoting *Kisner*, 746 A.2d at 664). Consistent with the aforementioned principle, Appellate Rule 2314 provides, in relevant part: "If appellant . . . is not ready to proceed when a case is called for oral argument, the matter may be dismissed as of course." Pa.R.A.P. 2314.

In the instant matter, the trial court scheduled argument on Fullman's April 2022 Ticket Appeal seriately with argument on the September 2021 Ticket Appeal. Fullman appeared for the September 2021 Ticket Appeal argument, but abruptly and disruptively left the courtroom during that proceeding. Fullman was not thereafter ready to proceed when the trial court called his April 2022 Ticket

provides for an appeal from the BAA's determination to the trial court. 2 Pa. C.S. § 752. Where, as here, a full record was made before the local agency, the trial court hears the appeal on the record certified by the agency. 2 Pa.C.S. § 754(b). Section 701(a) of the Judicial Code gives the trial court, when sitting as an appellate court, appellate jurisdiction. 42 Pa.C.S. § 701(a); *see Shattuck v. Zoning Hearing B[d.] of Warren C[nty.]*, . . . 501 A.2d 319, 322 (Pa. Cmwlth. 1985) (stating that in an appeal from a local agency decision, the trial court "function[s] as an appellate court").

However, the . . . [Appellate Rules] do not apply to a trial court acting as an appellate court while hearing a local agency appeal unless the county where that trial court sits has specifically adopted the [Appellate] Rules . . . . *City of Pittsburgh v. Kisner*, 746 A.2d 661, 664 (Pa. Cmwlth. 2000). Here, in Philadelphia County, the [Appellate] Rules . . . have not been explicitly adopted. Thus, the Philadelphia County Rules of Civil Procedure provide the basic framework for appeals from local agencies. *Id*.

*King*, 102 A.3d at 1076.

6

Appeal for argument.[9]  Accordingly, the trial court acted within its authority by granting the City's Motion to dismiss Fullman's April 2022 Ticket Appeal.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

---

[9]     It is universally accepted that the trial [court] judge has the responsibility and authority to maintain in the courtroom the appropriate atmosphere for the fair and orderly disposition of the issues presented.  In the [trial court] judge is vested the power and authority to maintain the order and integrity of the judicial process.

*Commonwealth v. Patterson*, 308 A.2d 90, 94 (Pa. 1973).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Andrew Fullman         :
                              :

           v.                 :
                              :

Appeal from Decision of Bureau of  :
Administrative Adjudication     :
                              :   No. 1025 C.D. 2023

Appeal of: Andrew Fullman    :

## O R D E R

AND NOW, this 13th day of June, 2025, the Philadelphia County Common Pleas Court's August 14, 2023 order is affirmed.

_____

ANNE E. COVEY, Judge